IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DISTRICT

| | | |
|---|---|---|
| JOHN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 17 C 3627 |
| | ) | |
| CITY OF CHICAGO and CHICAGO POLICE OFFICERS SERGIO HERRERA STAR #11627, SERGIO SIMENTAL STAR # 8765, JONATHAN KUKIELKA STAR #11024, JAMES MCCRILLIS STAR #5759, BRIAN LINDSTROM STAR #10592 ERIC DURON STAR #16829, KEVIN BARBEE STAR #12695, ANTHONY HARRIS STAR #2828, SERGEANT MARGARET FLISK STAR #2682, DETECTIVE FRANK SZWEDO STAR #21000, and DETECTIVE DAVID ROBERTS #20764, | ) ) ) ) ) ) ) ) ) ) | Judge Lee  Magistrate Judge |
| Defendants. | ) | JURY TRIAL DEMANDED |

## AMENDED COMPLAINT

NOW COMES Plaintiff, JOHN JONES, by his attorney Shay T. Allen, complaining of Defendants, CITY OF CHICAGO and CHICAGO POLICE OFFICERS SERGIO HERRERA STAR #11627, SERGIO SIMENTAL STAR # 8765, JONATHAN KUKIELKA STAR #11024, JAMES MCCRILLIS STAR #5759, BRIAN LINDSTROM STAR #10592, ERIC DURON STAR #16829, KEVIN BARBEE STAR #12695, ANTHONY HARRIS STAR #2828, SERGEANT MARGARET FLISK STAR #2682, DETECTIVE FRANK SZWEDO STAR #21000, and DETECTIVE DAVID ROBERTS #20764 (collectively, the "Defendant Officers"), states as follows:

### INTRODUCTION

1. This action is brought to redress the deprivation of Plaintiff's constitutional rights stemming from an act of clear abuse of the arrest powers of the police.

2. Specifically, Plaintiff was an 18-year-old high school student and musician when he was falsely arrested and incarcerated for a crime he absolutely did not commit.

3. Plaintiff repeatedly expressed to Defendant Officers his innocence and the evidence provided for his arrest was unlawful.

4. Though his charges were ultimately dismissed, Plaintiff will never regain the time he lost while he was in custody, get to live his final year of high school that he missed, or the large amount of funds that were expended and lost used to regain his liberty. This lawsuit seeks redress for these injuries.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

6. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367. Venue is proper under 28 U.S.C. § 1391(b). The parties reside in the judicial district and the events giving rise to the claim asserted herein occurred here as well.

## THE PARTIES

7. Plaintiff John Jones is a citizen of the United States who currently resides in Chicago, Cook County, Illinois.

8. Defendant City of Chicago is a municipal entity, which employs or employed the Defendant Officers.

9. Defendant Officers were, at the time of this occurrence, employees and duly authorized agents of the City of Chicago:

    a. Defendant Sergio Herrera, Star #11627, arrested Plaintiff and testified at his preliminary hearing.

    b. Defendant Sergio Simental, Star # 8765, arrested Plaintiff.

    c. Defendant Jonathan Kukielka, Star #11024, conducted the search on Plaintiff's residence.

    d. Defendant James McCrillis, Star #5759, was a Chicago Police Officer.

    e. Defendant Brian Lindstrom, Star #10592, conducted the search on Plaintiff's residence.

    f. Defendant Eric Duron, Star #16829, was a Chicago Police Officer.

    g. Defendant Kevin Barbee, Star #12695, was a Chicago Police Officer.

    h. Defendant Anthony Harris, Star #2828, was a Chicago Police Officer.

    i. Defendant Sergeant Margaret Flisk, Star #2682, conducted the search on Plaintiff's residence.

    j. Detective Frank Szwedo, Star #21000, was a Chicago police officer.

    k. Defendant Detective David Roberts, Star #20764, was a Chicago Police Officer.

Defendants Officers are sued in their individual capacities, and all acted under color of law and in scope of their employment in engaging in the action alleged in this Complaint.

## FACTUAL ALLEGATIONS

10. On May 12, 2015, the Plaintiff, an 18-year-old high school student at The Little Black Pearl High School, in Chicago, Illinois, was arrested for aggravated robbery.

11. Plaintiff Jones was innocent of the allegations of armed robbery. In fact, Plaintiff had no criminal history.

12. On May 12, 2015, around 10:45p.m., at or around 5239 S. Hoyne, Chicago, Illinois, two Hispanic males were allegedly robbed of their possessions by 3 men with a gun. The alleged robbers then fled on foot.

13. When initially asked to describe the alleged robbers, the victims could only describe them as "Black."

14. Upon further digging, the robbery victims alleged that one robber was wearing red, another was wearing black, "they" had hoodies, and the pants were blue and black.

15. That vague description was given to Defendants Herrera and Simental.

16. Defendant Officers knew, or should have known, the alleged victims were incapable of identifying the offenders as a description was only provided for two individuals.

17. At or around 11:15 pm, Defendants Herrera and Simental observed Plaintiff exit his residence with four friends—two males and two females.

18. After saying their goodbyes, Plaintiff's friends went to their vehicle and Plaintiff began walking to the corner gas station.

19. At the time, Plaintiff was wearing a bubble coat and white pants.

20. Plaintiff did not match the description of any alleged offender.

21. Defendants Herrera and Simental, who had been on the block "investigating" Black males, ordered Plaintiff to stop.

22. Without a reasonable and articulable suspicion, or any other lawful basis, Defendants Herrera and Simental seized Plaintiff. He was ordered to place his hands on the hood of their vehicle and searched.

23. Defendants Herrera and Simental likewise pulled Plaintiff's two male friends from their vehicle, and they were likewise stopped and frisked.

24. Under threat of arrest, Defendants Herrera and Simental ordered the two females to drive away even though they knew they were material, alibi witnesses. In fact, not a single report authored in relation to this incident even mentions them.

25. Plaintiff was then handcuffed to his two friends while Defendant Officers continually questioned and taunted them.

26. During this time, additional police vehicles arrived at the scene with their lights running.

27. Defendant Officers met and questioned the robbery victims. Accordingly, they knew the circumstances of the alleged crime prevented the robbery victims from observing any meaningful identifying characteristics of the perpetrators.

28. Furthermore, Defendant Officers knew that the robbery victims were admittedly unable to meaningfully distinguish between Black people.

29. Nevertheless, Defendant Officers provided information to the alleged victims in an attempt to bolster their statements, including but not limited the description of a third offender.

30. Defendant Officers then brought the alleged victims in a Chicago Police Vehicle to conduct an unconstitutional and unduly coercive show up.

31. Defendant Officers coerced the robbery victim to identify Plaintiff as the perpetrator of the crime through statements and circumstances.

32. Plaintiff was handcuffed to his two friends, surrounded by 7-10 cops, and had the police car's spotlight shined on him when he was allegedly identified by the alleged victim.

33. Any reasonable police officer in Defendant Officers' position would have known that the robbery victim's identification of Plaintiff was untrustworthy and unreliable.

34. Defendant Officers based probable cause to arrest Plaintiff on information that they knew or should have known was untrustworthy and unreliable.

35. Because Defendant Officers based probable cause to arrest Plaintiff on information that they knew or should have known was untrustworthy and unreliable, probable cause to arrest Plaintiff did not exist.

36. Defendant Officers took Plaintiff and his acquaintances to lockup in the 009 District.

37. During and after the arrest, Plaintiff was subjected to racists taunts.

38. After Plaintiff's arrest, Defendants Sergeant Flisk, Officer Kukielka, and Officer Lindstrom searched Plaintiff's residence, where he resided with his parents. Defendant Officers found no evidence of a gun or any of the victims' possessions.

39. Nevertheless, Defendant Officers conspired to commence criminal charges against Plaintiff.

40. Defendant Officers made intentionally false statements and intentionally falsified reports in an attempt to cover up their unconstitutional misconduct and violate Plaintiff's constitutional rights.

41. Plaintiff was originally held on an excessive and oppressive bond, which after a bond reduction hearing, he was able to post bond in November 2015, where he was subsequently placed on electronic monitoring.

42. Throughout the duration of the case, Plaintiff maintained his innocence.

43. On August 22, 2016, the criminal charges against Plaintiff were dismissed *nolle prosequi* in a manner consistent with his innocence.

44. As a direct and proximate result of Defendants' conduct, Plaintiff was injured, including pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of her constitutional rights and dignity, interference with a normal life, lost time and opportunity, and attorneys' fees.

## COUNT I - MACLICOUS PROSECUTION

45. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

46. At all times, Defendants maliciously, willfully, and wantonly initiated and/or commenced an original criminal/legal proceeding against Plaintiff and/or caused these legal proceeding to continue against him without probable cause.

47. With malice, willfulness, and/or reckless indifference to Plaintiff's rights, Defendant created false and/or inaccurate police reports and/or made false statements to the police officers and prosecutors.

48. The legal proceedings against Plaintiff were dismissed in his favor.

49. As a direct and proximate result of the malicious prosecution by Defendant Officers, Plaintiff suffered injury, including without limitation, emotional and financial damages which will be proven at trial.

## COUNT II -- 42 U.S.C. § 1983
## FALSE IMPRISONMENT

50. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

51. As described more fully above, all of the Defendant Officers, while acting individually, jointly, and in conspiracy, as well under of law, and within the scope of their employment, caused Plaintiff to be falsely imprisoned in violation of his constitutional rights.

52. As a result of this violation, Plaintiff suffered injuries, including but not limited to, emotional distress, as is more fully alleged above.

53. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

## COUNT III--42 U.S.C. § 1983
## FALSE ARREST

54. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

55. As described more fully above, all of the Defendant Officers, while acting individually, jointly, and in conspiracy, as well under color of law and within the scope of their employment, caused Plaintiff to be falsely imprisoned in violation of her constitutional rights.

56. As a result of this violation, Plaintiff suffered injuries, including but not limited to, emotional distress, as is more fully alleged above.

57. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

## COUNT IV—SECTION 1985(3) CONSPIRACY
## CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS

58. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

59. As described more fully above, each of the Defendant Officers conspired, directly or indirectly, for the purpose of depriving Plaintiff of Equal Protection of the law.

60. Defendant Officers arrested Plaintiff where he was committing no crime.

61. Defendant Officers still arrested Plaintiff after searching his residence and finding no evidence to prove that Plaintiff committed a crime or was involved at all in the alleged robbery.

62. Defendant Officers arrested Plaintiff having knowledge he committed no crime, let alone a felony, then called for felony approval to the Cook County State's Attorney Office.

63. Defendant Officers created false police reports, made false statements to the Cook County State's Attorney Office and lied under oath at a Preliminary Hearing.

64. In doing so, Defendant Officers took actions in furtherance of this conspiracy, causing injury to Plaintiff.

65. The misconduct as described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## COUNT V—42 U.S.C. § 1983
## FAILURE TO INTERVENE

66. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

67. In the manner described above, during the constitutional violations described above, one or more of the Defendant Officers stood by without intervening to prevent the misconduct.

68. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury, as well as emotional distress. These Defendant Officers had a reasonable opportunity to prevent this harm, but failed to do so.

69. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

## COUNT VI—
## RESPONDEAT SUPERIOR
## AGAINST CITY OF CHICAGO

70. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

71. In committing the acts alleged in the preceding paragraphs, Defendant Officers were agents of the City of Chicago and were acting at all relevant times within the scope of their employment and under color of law.

72. Defendant, City of Chicago, is liable as principal for all torts committed by its agents.

73. Should Defendant Officer be found liable on any of the claims set forth herein, Plaintiff demands that, pursuant to *respondeat superior*, Defendant Officers be fond label for any compensatory and punitive judgment Plaintiff obtains against said Defendants, as well as, costs awarded.

## COUNT VII— INDEMNIFICATION

74. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

75. Illinois empowers and directs public entitles to pay any tort judgment for compensatory damages, for which employees are liable within the scope of their employment activities.

76. Each of the Defendant Officers were employees, servants, and/or agents of the Defendant City of Chicago actin within the scope of their employment, when committing all wrongful acts and misconduct described in this complaint.

77. Defendant City of Chicago is consequently liable under the theory of indemnification,

78. Defendant City of Chicago is obligated by statute to pay any judgment entered against Defendant Officers.

## COUNT VIII—42 U.S.C. § 1983
## ILLEGAL SEARCH AND SEIZURE

79. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

80. The search and seizure of Plaintiff's person performed willfully and wantonly by Defendant Officers, as detailed above, were in violation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

81. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including the deprivation of his liberty and the taking of his person and property. In addition, the violations proximately caused Plaintiff to suffer, without

10

limitation, pain, suffering, humiliation, emotional distress, mental anguish, exposed her to public scandal and disgrace, and financial loss.

## COUNT IX—42 U.S.C. § 1983
## UNLAWFUL PRETRIAL DETENTION

82. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

83. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

84. Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

85. As described more fully above, Defendant Officers, while acting individually, jointly, and in conspiracy with other individuals not named herein, deprived Plaintiff of his constitutional rights by the following:

   a. Deliberately withheld and concealed exculpatory evidence including but not limited to their misconduct detailed in sections b-d;

   b. Deliberately used improper and suggestive procedures to taint the pretrial identification of Plaintiff and caused Plaintiff to be misidentified as the perpetrator;

   c. Deliberately fabricated evidence including but not limited to falsifying police reports in an attempt to implicate Plaintiff as the perpetrator; and

   d. Deliberately spoliated witness statements and evidence in an attempt to implicate Plaintiff as the perpetrator.

86. Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment.

11

87. As a result of the alleged victim admitting that he could not identify his offenders, the prosecution dismissed all charges against Plaintiff on August 22, 2016.

88. Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

89. The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE the Plaintiff, JOHN JONES, respectfully requests that this Honorable Court enter judgment in his favor on all counts and against the Defendants, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual Defendant Officers in their individual capacities, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff, JOHN JONES, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

_____
Attorney for Plaintiff

Shay T. Allen
Attorney for Plaintiff
19150 S. Kedzie, Suite 201
Flossmoor, IL 60422
|P| 708-960-0013
|F| 708-575-1778
Attorney Code 6285625

12